151 So.2d 788

**DAIRY FRESH CORPORATION**

v.

**John N. STANFORD.**

1 Div. 5.

Supreme Court of Alabama.

April 4, 1963.

Fred M. Smith, Jr., Prichard, for appellant.

Norborne C. Stone, Jr., Bay Minette, for appellee.

LIVINGSTON, Chief Justice.

John N. Stanford brought suit in the Circuit Court of Baldwin County, Alabama, against Dairy Fresh Corporation. The complaint contained one count in Code form, on open account, claiming the sum of $2826.-90. The case was tried to a jury and the verdict returned for plaintiff for $1500.00. Judgment was rendered thereon. A motion for a new trial was filed in due course and overruled. Dairy Fresh Corporation appealed to the Court of Appeals of Alabama.

The record was filed in the Court of Appeals on June 19, 1961. On the same day, it was transferred to the Supreme Court of Alabama under the provisions of Title 13, Sec. 96, Code of 1940.

Upon petition, this court granted appellant additional time for filing briefs. Appellant filed its brief on August 7, 1961.

The appellee was granted additional time in which to file his brief, which was filed on September 6, 1961. On the same day, September 6, 1961, appellee moved this court to affirm the judgment of the Circuit Court of Baldwin County and assigned as grounds therefor the noncompliance with Supreme Court Rules 1 and 9, Title 7, Code 1940, Appendix.

When the transcript of the record was filed in this court on June 19, 1961, it contained 25 assignments of error written on the transcript, in accordance with Supreme Court Rule 1, Title 7, Code 1940, Appendix. On September 18, 1961, the appellant filed a motion in this court styled "Motion To Attach Assignment of Errors to Transcript," accompanied by assignments of error numbered 1 to 12, inclusive.

If these assignments of error are intended as additional assignments of error, the effort to include them in the transcript

is abortive because there has been no compliance with Supreme Court Rule 2, Title 7, Code 1940, Appendix. In any event, they cannot be considered by this court because Supreme Court Rule 1, Title 7, Code 1940, Appendix, requires that assignments of error must be written on the transcript before the errors will be considered by this court. Assignments of error, made upon a separate sheet of paper and merely filed with the transcript, subject to easy removal, do not comply with Supreme Court Rule 1, and in such case, there is nothing before this court to be considered. Patton et al. v. Colbert County, 265 Ala. 682, 92 So.2d 691, and cases therein cited.

■ It is axiomatic that assignments of error not argued in brief are thereby waived.

We have before us a most unusual transcript and brief by the appellant.

In the motion to attach assignments of error to the transcript, filed on September 18, 1961, appellant states:

"1. The Assignment of Errors was inadvertently omitted from the Transcript when the same was forwarded to the Court of Appeals which Court was an incorrect designation of the Court to which the Transcript should have been directed, the Record having been filed as provided by law in the Supreme Court.

"2. All of these identical Assignment of Errors were included in the Brief filed by the Appellant and served upon the Attorney for the Appellee, and the Appellee has been appraised [sic] of all the Assignment of Errors and has filed a Brief on the merits to these Assignment of Errors."

■ The only assignments of error mentioned in appellant's brief are the 12 assignments of error which have never been written on the transcript. The 25 assignments of error contained in the original transcript are not mentioned in appellant's brief. It is true that some of the 12 assignments of error not written on the transcript are the same assignments of error which are written on the transcript, but in only one instance is the numbering of the assignments of error the same in both assignments of error, and that assignment of error is so general as to state nothing for review.

The appellant's brief and the record before us typifies the confusion which can arise from the failure to follow Supreme Court Rules, in this instance, Rules 1, 2 and 9 of Title 7, Code 1940, Appendix.

On this record, we have 25 assignments of error, neither one of which is mentioned specifically by number or otherwise in brief. Also, there are 12 assignments of error which are not written on the transcript and cannot be considered.

The case is due to be affirmed

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.